UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUINTIN J. BALLENTINE AND THE RESIDENTS OF 245 WEST 131ST DEVELOPMENT LLC,

Plaintiff,

-against-

245 WEST 131ST DEVELOPMENT LLC (CITY FHEPS),

Defendant.

25-CV-9990 (KMW)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KIMBA M. WOOD, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Americans with Disabilities Act ("ADA"), alleging that Defendant 245 West 131st Development LC (City FHEPS) violated the ADA. Plaintiff styles this action as brought on his own behalf and on behalf of "The Residents of 245 West 131st Development LLC."

By separate Order, dated July 23, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 6.) For the reasons set forth below, the Court dismisses the complaint for failure to state a claim, but gives Plaintiff 30 days' leave to file an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff, who "is a tenant residing at 245 West 131st Street, Brooklyn, NY,"[2] alleges that "[t]he premises [at his residence] are infested with mold, which has led to serious health issues for the plaintiff and other residents." (ECF 1 at

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

[2] Plaintiff states that his residence is located in Brooklyn, New York, but it appears to be located in New York, New York.

5.) Those health issues include "respiratory problems, allergic reactions, and other illnesses." (*Id.*) Plaintiff asserts generally that "[t]he property does not comply with [the ADA] . . . , as it lacks necessary accommodations for individuals with disabilities, including accessible entrances and safety features." (*Id.* at 6.) He also asserts that Defendant violated New York City's Family Homelessness and Eviction Prevention Supplement ("FHEPS") program by failing to provide "safe and habitable living conditions." (*Id.*) Relatedly, Plaintiff alleges that "[t]he front door of the building is broken, which compromises the safety and security of the residents and allows unauthorized individuals to enter the premises" (*id.* at 5-6), and that "illegal occupants liv[e] in the building, creating an unsafe environment and contributing to disturbances and potential criminal activity" (*Id.* at 6). Plaintiff seeks monetary damages in the amount of $1,330,000.00, and injunctive relief.

## DISCUSSION

### A. Claims on Behalf of the Residents of 245 West 131st Development LLC

The Court must dismiss the claims that Plaintiff asserts on behalf of the Residents of 245 West 131st Development LLC. The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). "[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Plaintiff has not alleged any facts suggesting that he is an attorney. The Court therefore dismisses Plaintiff's claims that he brings on behalf of the Residents of 245 West 131st

Development LLC. This dismissal is without prejudice to any future action any of these individuals seek to bring on their own behalf.

**B. Americans with Disabilities Act**

Plaintiff asserts a claim under the ADA. For the purposes of this Order, the Court construes Plaintiff's complaint against Defendant as arising under Title III of the ADA, which prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The phrase 'public accommodation' . . . 'should be construed liberally' to afford people with disabilities 'equal access' to the wide variety of establishments available to the nondisabled." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676-77 (2001) (footnotes omitted).

Even when liberally construing the phrase "public accommodation," courts have recognized that private landlords and real estate management companies, even those that receive federal funding, are generally not subject to the ADA because their premises are not places of public accommodation. *See, e.g.*, *Ayyad-Ramallo v. Marine Terrace Assocs. LLC*, 2014 WL 2993448, at *5 (E.D.N.Y. July 2, 2014) ("[T]he ADA does not apply to private landlords, even if the premises are used for public subsidized housing."); *Reyes v. Fairfield Props.*, 661 F. Supp. 2d 249, 264 n.5 (E.D.N.Y. 2014) (finding that "receipt of Section 8 housing vouchers is an insufficient basis upon which to deem the premises—a private, residential apartment complex—a place of public accommodation"). For that reason, Plaintiff fails to state a claim under Title III of the ADA. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Fair Housing Act**

In light of Plaintiff's *pro se* status, and the Court's obligation to construe this pleading liberally, *see Harris*, 572 F.3d at 72, the Court construes the complaint as asserting a claim under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601-3619, which "broadly prohibits discrimination in housing," *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Specifically, the FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status . . . national origin," or disability. 42 U.S.C. § 3604(b), (f).

Under the FHA, prohibited discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). To state a claim under the FHA for failure to provide reasonable accommodations for a plaintiff's disability, a plaintiff must allege facts showing:

> (1) that the plaintiff or a person who would live with the plaintiff had a [disability, as defined by the FHA]; (2) that the defendant knew or reasonably should have been expected to know of the [disability]; (3) that the accommodation was likely necessary to afford the [disabled] person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation requested was reasonable; and (5) that the defendant refused to make the requested accommodation.

*Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 156 (2d Cir. 2014). For an accommodation to be necessary, "'[p]laintiffs must show that, but for the accommodation, they likely will be denied an equal opportunity to enjoy the housing of their choice.'" *Id.* (citation omitted).

Plaintiff's complaint does not state facts suggesting that Defendant violated the FHA. First, Plaintiff does not state that he has a disability. Second, assuming Plaintiff does have a disability, he does plead any facts connecting that disability to the alleged mold at his residence

or the other safety concerns he raises, including the lack of accessible entrances, broken doors, and "illegal occupants." (ECF 1 at 6.) Third, even if the alleged mold and these other conditions caused him to experience harm related to his disability, Plaintiff does not allege any facts suggesting that he asked Defendant to remedy these conditions, and that Defendant refused to address the conditions. Accordingly, because the complaint lacks factual allegations from which the Court can infer that Defendant acted unlawfully, his complaint fails to state a claim and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. Leave to Amend Granted

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under the FHA, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

For the reasons set forth in this order, the Court dismisses Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), with 30 days' leave to file an amended complaint.

The Court also dismisses those claims Plaintiff seeks to bring on behalf of the Residents of 245 West 131st Development LLC, without prejudice to those residents bringing claims on their own behalf. The Court directs the Clerk of Court to terminate the Residents of 245 West 131st Development LLC from this action.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: July 29, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge